

FILED IN CHAMBERS
U.S.D.C. Atlanta

APR 2 1 2014

JAMES N. HATTEN, Clerk
By: B. Shaw
Deputy Clerk

# United States District Court
## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

DERECK RICHMAN-VALENZUELA

**CRIMINAL COMPLAINT**

Case Number: 1:14-MJ-395

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about April 17, 2014, in Clayton County, in the Northern District of Georgia and elsewhere, defendant(s) did,

**knowingly and intentionally possess with intent to distribute a controlled substance, said substance involving at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(A)(i); and**

did knowingly and intentionally import into the Customs territory of the United States, from a place outside thereof, that is, Guatemala, a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(A).

I further state that I am a(n) Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.   Yes

_____
Signature of Complainant
Dustin Small

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendant has committed it.  Sworn to before me, and subscribed in my presence

April 21, 2014                                              at   Atlanta, Georgia
Date                                                              City and State

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                Signature of Judicial Officer
AUSA Cassandra J. Schansman / 404-581-6083

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Dustin Small, being duly sworn, depose, and state as follows:

### A. Introduction

1. I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. By this affidavit, I submit that probable cause exists to believe that Dereck RICHMAN-VALENZUELA committed narcotics offenses, in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(A)(i) (possession with intent to distribute a controlled substance - heroin) and 952(a), 960(a)(1) and 960(b)(1)(A) (importation of a controlled substance - heroin).

### B. Training and Experience

3. I am assigned as a Special Agent with the United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since April, 2010. I am currently assigned to the office of the Special Agent in Charge Atlanta, Georgia, and have been assigned there since July, 2011. Previously, I was assigned to the office of the Special Agent in Charge San Diego, California, beginning in October, 2010. My duties and responsibilities include the investigation of civil and criminal violations of United States Code.

Prior to April, 2010, I was a Peace Officer with DeKalb County Police Department in Tucker, Georgia. I began my service with DeKalb Police in 1998. I have participated and lead investigations relating to smuggling, money laundering, and other violations of federal law.

4. As an HSI special agent, I investigate criminal violations of the federal drug laws and related offenses, including, but not limited to, violations of Title 31, United States Code, Section 5332; Title 21, United States Code, Sections 841, 843, 846, 848, 856, 952, 960 and 963; and Title 18, United States Code, Sections 1952, 1956, and 1957.

5. I have participated in investigations involving the following types of drugs: heroin, cocaine, methamphetamine, and marijuana. I have participated in court-authorized wiretaps, including investigations involving international drug smuggling organizations (DTOs) and drug-traffickers. I know that South America is a source country for the importation of illegal drugs into the United States. In support of the investigations I have been involved with, I have reviewed travel records, bank records, telephone toll records, conducted physical surveillance, electronic surveillance, and undercover operations, among other investigative techniques, to determine the criminal activity of the various members of the DTOs. I have also been involved in the execution of drug search warrants, drug trafficking arrest warrants and interviews involving drug defendants and witnesses

knowledgeable in drug trafficking and money laundering.

6. I also have received specialized training pertaining to money laundering investigations, drug trafficking, drug trafficking techniques and the exploitation of telephones and other communication devices as investigative techniques. Based upon my training and experience, including interviews conducted with defendants, sources, and other witnesses to, or participants in, drug-trafficking activity, I am familiar with the ways in which drug traffickers conduct their illegal business, including the various means and methods by which drug traffickers (a) import and distribute drugs; (b) use cellular telephones, digital display paging devices, and calling cards to facilitate drug activity; and (c) use numerical codes and code words to conduct their transactions. Based on my involvement in complex DTO investigations, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed and the methods of payment for such drugs.

7. As part of my investigations, I have observed a recent "trend" wherein "food couriers" bring food items unique to South and Central America into the United States from Guatemala, purportedly to sell here in the United States. However, upon inspection, agents are finding that these "food items" contain controlled substances and are being used as covers for

the illegal smuggling of said controlled substances.

## C. Sources of Information

8. I make this affidavit based upon personal knowledge derived from my participation in this investigation and information I have learned from discussions with other federal officers. Because this affidavit was prepared for the limited purpose of supporting a complaint against the individual/s listed herein, I have not included each and every fact known about this investigation.

## D. Factual Summary – Probable Cause Basis

9. On April 17, 2014, at approximately 7:00 p.m., the Customs and Border Protection (CBPO's) officers at Hartsfield International Airport, Atlanta, Georgia, encountered Dereck RICHMAN-VALENZUELA arriving from Guatemala City, Guatemala, aboard Delta Airlines Flight DL 906. RICHMAN-VALENZUELA was referred for a secondary inspection based on a computer generated referral. During a baggage exam of RICHMAN-VALENZUELA'S checked luggage, CBPO's discovered numerous bundles of pre-packaged food items such as candy, cookies, and other assorted snacks. RICHMAN-VALENZUELA initially told CBPO's that the purpose of his trip was to visit a friend in Boston, Massachusetts, that the food was for "friends," and denied being a commercial food courier. CBPO's felt anomalies in some of the items and opened them to verify their contents. Located within many of the packages were small blocks (or bricks) off an off-white colored substance that subsequently field tested positive for the characteristics of heroin. In total, approximately 7.2

kilograms of heroin was found and removed from the artfully concealed food items.

10. On April 17, 2014 at approximately 8:00 pm Task Force Officer (TFO) Brian Hoopingamer, CBPO Rainer Pacheco, and I interviewed RICHMAN-VALENZUELA, who waived his *Miranda* Rights. RICHMAN-VALENZUELA advised agents that he was a food courier for "Los Tres" food courier service in Guatemala and, since March of 2014, had made several trips to the U.S. to deliver similar food products. RICHMAN-VALENZUELA also stated that prior to taking each of his trips, he does not physically examine or inspect the bundles of food he is given, which are wrapped together in clear cellophane plastic. In addition, RICHMAN-VALENZUEALA was asked by his supervisor at Los Tres when he was hired for the courier position if RICHMAN-VALENZUELA was comfortable with importing products into the U.S. that may not have the appropriate commercial entry documentation needed. RICHMAN-VALENZUELA explained that he told his supervisor "yes," and accepted the position because his wife was pregnant and therefore, they had an increased need for money.

11. RICHMAN-VALENZUELA had two checked duffel bag style pieces of luggage that contained numerous food bundles wrapped in cellophane. Each bundle was made up of individually packaged food items, with each bundle marked with an identifying label. These bundles were inside the duffel bags along with RICHMAN-VALENZUELA's clothing and other personal items. According to RICHMAN-VALENZUELA, his supervisor in Guatemala told him to contact

him, via text, once he cleared Customs and then again when he checked into the hotel at his destination. On prior occasions, his supervisor would then give him instructions on when the recipient would arrive at the hotel to retrieve the packages. RICHMAN-VALENZUELA did not know the individual who came to his hotel to pick up the packages. In the past, RICHMAN-VALENZUELA was generally paid $600 per trip, with $300 paid in advance and the second $300 paid either by the person picking up the packages or upon RICHMAN-VALENZUELA's return to Guatemala. While RICHMAN-VALENZUELA has what appears to be a United States passport, he resides in Guatemala.

E.  **Conclusion**

12.     Based upon the aforementioned facts, I assert there is probable cause to believe that on or about June 24, 2013, Dereck RICHMAN-VALENZUELA, in the Northern District of Georgia, and elsewhere, did knowingly and intentionally possess with intent to distribute a controlled substance, said substance involving at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a) and (b)(1)(A)(i); and did knowingly and intentionally import into the Customs territory of the United States, from a place outside thereof, that is, Guatemala, a mixture and substance containing a detectable amount of heroin, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 960(b)(1)(A).

**FURTHER YOUR AFFIANT SAYETH NOT**